| | |
|---|---|
| BEYOND BESPOKE TAILORS, INC. and NICK TORRES<br><br>Plaintiffs,<br><br>v.<br><br>JAMES BARCHIESI, WORKSITE LLC, WORKSITE ACCOUNTANTS AND ADVISORS, WORKSITE CAPITAL PARTNERS, LLC, WORKSITE VENTURES, and ROTH & ASSOCIATES,<br><br>Defendants. | UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br><br>No. 1:20-cv-05482<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 3/8/2021 |

WHEREAS, Defendants, James Barchiesi, Worksite LLC, Worksite Accountants and Advisors, Worksite Capital Partners, LLC, Worksite Ventures, and Roth & Associates (collectively, "Defendants"), and Plaintiffs, Beyond Bespoke Tailors, Inc. and Nick Torres ("Plaintiffs"), have sought discovery from each other requesting and concerning, or that which may concern, the exchange of confidential and proprietary information pertaining, among other things, to business operations and plans, trade secrets and confidential financial information; and

WHEREAS, the parties believe that the dissemination and/or public availability of said information and materials would cause serious injury because it includes commercially sensitive, valuable and not otherwise available information which the parties have sought to protect from disclosure; and

WHEREAS, throughout the course of discovery, either Plaintiffs or Defendants may be further requested to exchange confidential and proprietary information; and

WHEREAS the parties, through their counsel subscribed below, having agreed to the form of this Confidentiality Agreement and Consent Protective Order, and the Court finding that good cause exists for the issuance of this Consent Protective Order and that there is a likelihood that disclosure of confidential and proprietary commercial information, trade secrets and/or confidential financial information by the parties their cause a clearly defined and serious injury to Plaintiffs or Defendants and that its interest in maintaining the privacy of such information substantially outweighs the presumption that court and administrative records are open for public inspection, and that the provisions of this Confidentiality Agreement and Consent Protective Order appropriately balance the parties' interests and those of the public and other litigants in this matter, it is on this ___8th___ day of ___March___, 2021, ORDERED as follows:

1. Any party to this litigation shall have the right to designate as "Confidential" and, subject to this Order, any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, operational, strategic, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) which the producing party otherwise believes in good faith to be entitled to protection under Rule 4:10-3. Any party to this litigation or any third party covered by this Order, who produces or discloses any confidential material, including, without limitation, any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" (which material is referred to herein as "Confidential Material").

Alternatively, a party may designate materials being produced or that have previously been produced as Confidential Material, and the designated material shall be so treated in accordance with this Order and subject to the terms and protections set forth herein.

2. All Confidential Material shall be used by the receiving party or parties solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party or parties for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 3, as stated in that paragraph, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court.

3. Confidential Material and the contents of Confidential Material may be disclosed only to the following individuals under the following conditions:

   a. Outside counsel (herein defined as any attorney at the parties' outside law firms) for the parties;

   b. Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

   c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

   d. The Court, court personnel and court reporters;

   e. Any deponent or witness at trial, but only at the time that said witness or deponent is testifying or being deposed, and subject to Paragraph 4 hereof;

   f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings, including, but not limited to, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A; and

       g.    In the case of a party that is a corporation, other business entity, municipal agency or board, "party" shall mean executives or other organizational members who participate in decisions with reference to this lawsuit and/or employees who need to be consulted in connection with the Confidential Material for purposes of this lawsuit, and clerical or administrative staff, for purposes of transmitting the Confidential Material. A party that is a corporation or other business entity that designates information as Confidential may freely disseminate such information, as necessary, among its own officers and employees.

4. If the producing party objects to the disclosure of Confidential Material to a deponent or witness at trial, that party shall (i) advise the other party and (ii), if the parties cannot reach agreement, apply to the Court for an order prohibiting such disclosure. If possible, such application shall be made at the time of any deposition or testimony. If the Court is unavailable or requires a motion to be filed, then the material shall not be disclosed to the deponent pending the Court's decision. However, the objecting party shall not object to the continued deposition of the witness after such decision if the Court permits the disclosure and, if the witness is controlled by that party, shall promptly make the witness available for such continuing deposition.

5. Confidential Material shall be used only by individuals permitted access to it under Paragraph 3. Confidential Material, copies thereof, and the information contained therein shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality or (b) the Court permits such disclosure.

6. With respect to any depositions that involve a disclosure of Confidential Material, any party may subsequently inform all other parties that portions of the transcript are to be designated Confidential. No deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 3 during the thirty

(30) days after the transcript is delivered. Upon being informed that portions of a deposition transcript are to be designated as Confidential Material, each party shall immediately cause each copy of the transcript in that party's custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraph 3.

    7.    If counsel for a party receiving documents or information, including deposition testimony, designated as Confidential Material hereunder objects to such designation of any or all of such items, the following procedure shall apply:

    (a)    Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall specify the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within ten (10) business days, and shall state with particularity the grounds for asserting that the document or information is Confidential Material. Thereafter, counsel shall then confer in good faith in an effort to resolve the dispute.

    (b)    If a dispute as to a Confidential Material designation of a document or item of information cannot be resolved by agreement, the objecting party shall remain bound by the Confidential Material designation but may file a motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

    8.    All Confidential Material that is filed with the Court for any purpose shall be filed under seal.

    9.    If the need arises during trial or at any hearing before the Court for any party to disclose Confidential Material, it may do so only after giving notice to the producing party and as directed by the Court.

    10.    To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Material that should have been designated as such, regardless of whether the information, document or thing was so designated at the

time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after the discovery of the material's disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential Material under this Confidentiality Agreement and Consent Protective Order.

11. Any production of material designated Confidential Material in accordance with this Order that is privileged is and shall be without waiver of any applicable privilege, including the attorney-client and work product privilege.

12. This Confidentiality Agreement and Consent Protective Order shall not deprive any party of its right to object to discovery requests by any other party on any otherwise permitted ground. This Confidentiality Agreement and Consent Protective Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

13. This Confidentiality Agreement and Consent Protective Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court, by written agreement of the parties or by the written stipulation of the parties filed with the Court.

14. Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the

originating source or to destroy all originals and unmarked copies of documents and things containing Confidential Material, except for materials or information containing work product; provided, however, that counsel may retain complete copies of all transcripts and pleadings, including any exhibits attached thereto, as well as work product referring to or containing Confidential Material, for archival purposes, which shall remain subject to the provisions of this Confidentiality Agreement and Consent Protective Order. To the extent a party requests the return of Confidential Material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

IT IS SO ORDERED.

_____
HON. VERNON S. BRODERICK

We hereby consent to the form and entry
of the within Order.

_____
Michael R. Gordon
Gordon Law LLP
Attorneys for Plaintiff
Beyond Bespoke Tailors, Inc. and Nick Torres

_____
Brian R. Tipton
Florio Perrucci Steinhardt Cappelli Tipton & Taylor LLC
Attorneys for Defendants
James Barchiesi, Worksite LLC, Worksite Accountants and Advisors, Worksite Capital Partners, LLC, Worksite Ventures, and Roth & Associates

| | |
|---|---|
| BEYOND BESPOKE TAILORS, INC. and NICK TORRES<br><br>　　　　Plaintiffs,<br><br>　　　　　v.<br><br>JAMES BARCHIESI, WORKSITE LLC, WORKSITE ACCOUNTANTS AND ADVISORS, WORKSITE CAPITAL PARTNERS, LLC, WORKSITE VENTURES, and ROTH & ASSOCIATES,<br><br>　　　　Defendants. | : UNITED STATES DISTRICT COURT<br>: SOUTHERN DISTRICT OF NEW<br>: YORK<br>:<br>:<br>: No. 1:20-cv-05482<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## EXHIBIT A

I, _____, being duly sworn, state that:

1. My present employer is _____ and the address of my present employment is _____.

2. My present occupation or job description is _____.

3. I have carefully read and understood the provisions of the Confidentiality Agreement and Consent Protective Order issued by the Court in this case, and I will comply with all provisions of the Confidentiality Agreement and Consent Protective Order.

4. I will hold in confidence and not disclose to anyone not qualified under the Confidentiality Agreement and Consent Protective Order any Confidential Material or any words, summaries, abstracts, or indices of Confidential Material disclosed to me.

5. I will limit use of Confidential Material disclosed to me solely for purpose of this action.

6. No later than the final conclusion of the case, I will return all Confidential Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____     _____
                           Name:

4484477v2