# GORDONLAW LLP

Michael R. Gordon
mgordon@gordonlawllp.com

> Given that Judge Willis has extended discovery in this case to October 13, 2022, (see Docs. 119 & 120), the post-discovery conference before me currently scheduled for March 25, 2022 at 2:00 pm is hereby ADJOURNED to October 20, 2022 at 3:00 p.m.
>
> SO ORDERED:
>
> *Vernon Broderick* 03/11/22
> HON. VERNON S. BRODERICK
> UNITED STATES DISTRICT JUDGE

March 10, 2022

**BY ECF**

Hon. Jennifer E. Willis, USMJ
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Beyond Bespoke Tailors, Inc, et ano. v. James Barchiesi, et al.*
Civ. No. 1:20-cv-05482

Dear Judge Willis:

We are attorneys for Plaintiffs in the referenced action. This is a joint letter from counsel for all parties pursuant to your Honor's March 8, 2022 Order.

## A. Discovery as between Plaintiffs and Defendant

Counsel for Plaintiffs and Defendant believe a conference is no longer necessary as to discovery between their respective clients as they were able to agree upon a new discovery protocol, set forth below for your Honor's approval, modifying the October 6, 2021 Case Management Plan and Scheduling Order (ECF Doc. No. 53):

- Paragraph 7 will be amended by extending to **August 26, 2022** the date for the completion of all fact discovery;

- Paragraph 8(c) will be amended by extending to **August 12, 2022** the date for the completion of all depositions;

- Paragraph 8(e) will be amended by extending to **April 20, 2022** the date for Defendant to provide all documents responsive to Plaintiff's First Request for the Production of Documents;

- Add Proposed Paragraph 8(f) setting a date of **April 4, 2022** as the date by which Plaintiffs will respond to Defendant's Second Request for the Production of Documents, dated March 6, 2022 ("Defendant's Second Request"), and **April 20, 2022** as the date by which Plaintiffs will produce all documents responsive to Defendant's Second Request that are not subject to privilege and not withheld on the basis of any other objection, together with a privilege log for documents withheld on the basis of privilege. In the

GORDONLAW LLP
www.gordonlawllp.com

51 Bedford Road, Suite 10, Katonah, NY 10536
200 Park Avenue, Suite 1700, New York, NY 10166

D 914.232.9500
M 914.671.6873
F 914.992.6634

Hon. Jennifer E. Willis, USMJ
March 10, 2022
Page | 2

- Paragraph will be amended such that in the event documents are withheld based on a non-privilege objection, counsel shall meet and confer during the week of **April 4, 2022** and attempt to resolve any disputes.

- Paragraph 9 will be amended by extending to **September 30, 2022** the date for the completion of all expert discovery;

- Paragraph 10 will be amended by extending to **October 13, 2022** the date for the completion of all discovery.

- Paragraph 13 will be amended by checking the box "a," requesting a mediation before your Honor.

Counsel acknowledge that the proposed dates set forth above will considerably prolong the time for the completion of discovery and might be beyond what the Court would ordinarily approve. However, given the recent lifting of the stay that had been in effect (*see* ECF Doc. No. 104), the disruption caused by the withdrawal of former counsel for Defendant, the recent appearance of new counsel for Defendant (who had been representing himself *pro se* following the withdrawal of his prior counsel), and Defendant's expectation that he will depose approximately ten witnesses, many of whom reside outside New York, these proposed amended dates are consistent with Fed. R. Civ. P. 1 and 16-26(f).

**B.    Discovery as between Defendant/Third-Party Plaintiff and Third-Party Defendant**

Third party Plaintiff and Defendant are in disagreement over the production of limited discovery that is being sought by Third party Plaintiff during the pendency of the unresolved Motion to Dismiss and Cross Motion for Leave to Amend Complaint. Third party Plaintiff believes that documents responsive to certain requests of Plaintiff's First Request for Production of Documents is in the possession, custody or control of Third-party Defendant. Third-party Defendant seeks a complete stay of discovery, while Third Party Plaintiff opposes any such stay.

Plaintiffs take no position with respect to the above discovery dispute between Third-Party Plaintiff and Third-Party Defendant other than to request that if a stay is entered pending motion practice, and if that stay is subsequently lifted, the parties to the Third-Party Action use best efforts to abide by the discovery schedule then in effect for the main action.

Respectfully yours,



Michael R. Gordon

cc:    Counsel of record (by ECF)