UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                         :

BEYOND BESPOKE TAILORS, INC., et al., :
                                         :

                    Plaintiffs, :
                                         :                   20-CV-5482 (VSB)

           - against - :
                                         :                **OPINION & ORDER**

JAMES BARCHIESI, et al., :
                                         :

                   Defendants. :
                                         :
-------------------------------------------------------X
                                         :

JAMES BARCHIESI, :
                                         :

              Third-Party Plaintiff, :
                                         :

           - against - :
                                         :

                                         :

LINDA ROTH d/b/a ROTH CPA, ROTH :
ASSOCIATES and ROTH CERTIFIED :
PUBLIC ACCOUNTANTS, :
                                         :

             Third-Party Defendants. :
                                         :
-------------------------------------------------------- X

<u>Appearances</u>:

Michael Robert Gordon
GordonLaw LLP
Katonah, NY
*Counsel for Plaintiffs*

Robert C. Barchiesi, II
Barchiesi Law, PLLC
Bethlehem, PA
*Counsel for Defendant/Third-Party Plaintiff*

Brian J. Pulito
Steptoe & Johnson PLLC
Meadville, PA
*Counsel for Third-Party Defendants*

VERNON S. BRODERICK, United States District Judge:

Before me is a motion to dismiss filed by Linda Roth d/b/a Roth CPA, Roth Associates, and Roth Certified Public Accountants ("Roth" or "Third Party Defendants"), (Doc. 95), and Third-Party Plaintiff James Barchiesi's ("Third-Party Plaintiff" or "Barchiesi") motion to amend his complaint, (Doc. 113).

Because it is in the interest of justice and efficiency to allow Barchiesi to amend his complaint and effect service upon Roth rather than dismiss the case, Roth's motion to dismiss is DENIED and Barchiesi's motion to amend the complaint is GRANTED.

## I.   **Factual Background and Procedural History**

### A.   *Underlying Lawsuit*

On August 27, 2019, Nick Torres and Beyond Bespoke Tailors initiated a lawsuit in the Supreme Court of New York, New York County against James Barchiesi and Defendants Worksite LLC, Worksite Accountants and Advisors, Worksite Capital Partners, LLC, Worksite Interactive LLC, Worksite Ventures, and Roth & Associates ("Corporate Defendants") by filing a Summons with Notice.  (*See* Doc. 99.)  Notice of Removal was filed on July 16, 2020.[1]  The complaint was filed on October 27, 2020.  (Doc. 4.)

Beyond Bespoke Tailors is a tailoring business organized under New York law and based in Manhattan.  (Doc. 4 ¶¶ 2, 12.)  Torres is the founder of Beyond Bespoke Tailors.  (*Id.* ¶ 2.)  Barchiesi is the owner and manager of Corporate Defendants, which are businesses that provided

---

[1] The Notice of Removal is dated July 17, 2020.  (Doc. 1, at 4.)

financial bookkeeping, accounting, and tax services to Plaintiffs.  (*Id.* ¶¶ 4, 26.)  Plaintiffs raised claims of fraud, breach of fiduciary duty, and breach of contract against Barchiesi.  (*Id.* ¶ 1.)

### B. *Supplemental Filings*

Defendants' counsel filed a motion to withdraw on June 21, 2021, (Doc. 35), which I granted on July 2, 2021, (Doc. 42).  Since Corporate Defendants never secured new counsel, and since corporations may not appear pro se in federal court, *see, e.g.*, *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993), on December 22, 2021, I directed Plaintiffs to seek default judgment against Corporate Defendants, (Doc. 82).  Plaintiffs did so.  (Docs. 85–87).  On January 7, 2022, I issued an order to show cause why an order should not be issued granting default judgment in favor of Plaintiffs against Corporate Defendants as to liability.  (Doc. 88.)  No opposition was filed, and no one registered any opposition at the show cause hearing.  On February 4, 2022, I entered default judgment against Corporate Defendants. (Doc. 99.)  As I explained on the record, I will hold in abeyance any decision on Corporate Defendants' damages—including any decision about whether to refer the action to a magistrate judge for an inquest on damages—until the remaining claims against Barchiesi are resolved.

On November 3, 2021, Barchiesi filed a third-party complaint against Roth. ("Complaint," Doc. 68.)  The Complaint alleges two causes of action:  breach of contract and indemnification.  (*Id.* ¶¶ 24–35.)  On February 2, 2022, the Roth Defendants filed a motion to dismiss under Rule 12(b)(5) and 12(b)(6).  (Doc. 95.)  Defendant Barchiesi elected to proceed *pro se* until February 24, 2022, when Robert C. Barchiesi filed a motion to be admitted pro hac vice on behalf of James Barchiesi, (Doc. 108), and I granted that application on February 25, 2022, (Doc 109).  On March 1, 2022, Barchiesi filed a cross motion for leave to file an amended complaint.  (Doc. 113.)  In the Amended Complaint, Barchiesi seeks to drop his breach of

contract claim and add a common law claim for contribution.  (*See* Doc. 113-1.)

II.     <u>Legal Standards</u>

     A.  *Motion to Dismiss*

         1.  **Rule 12(b)(5)**

Rule 12(b)(5) authorizes a court to dismiss a complaint for insufficient service of process prior to a defendant filing an answer.  *See* Fed. R. Civ. P. 12(b)(5).  "In deciding a Rule 12(b)(5) motion, a Court must look to Rule 4, which governs the content, issuance, and service of a summons."  *DeLuca v. AccessIT Grp., Inc*., 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010).  Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  If the plaintiff is able to demonstrate good cause, the court must grant the plaintiff an extension of time for service.  *See id*.  Even where a plaintiff does not show good cause, "district courts have discretion to grant extensions" to effect adequate service.  *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007); *see also George v. Prof'l Disposables Int'l, Inc*., 221 F. Supp. 3d 428, 443 (S.D.N.Y. 2016) ("In certain circumstances, a court may grant an extension under Rule 4(m) even absent a showing of good cause, but this power is discretionary[.]").

When a defendant moves for dismissal for inadequate service of process, "the plaintiff bears the burden of proving adequate service."  *George*, 221 F. Supp. 3d at 442.  In considering the motion, the court "must look to matters outside the complaint," including affidavits and supporting materials, to determine whether service was proper.  *Mende v. Milestone Tech., Inc*., 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003) (citation omitted).

## 2.  Rule 12(b)(6)

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.

Twombly*, 550 U.S. 544, 570 (2007)).  A claim will have "facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged."  *Id.*  This standard requires "more than a sheer possibility that

a defendant has acted unlawfully."  *Id.*  "Plausibility . . . depends on a host of considerations:  the

full factual picture presented by the complaint, the particular cause of action and its elements,

and the existence of alternative explanations so obvious that they render plaintiff's inferences

unreasonable."  *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts

alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor.  *Kassner

v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007).  "A complaint is deemed to

include any written instrument attached to it as an exhibit or any statements or documents

incorporated in it by reference."  *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016)

(cleaned up).  A court "may also consider matters of which judicial notice may be taken" in

ruling on a motion to dismiss.  *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 426 (2d

Cir. 2008) (quoting *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991)).  A

complaint need not make "detailed factual allegations," but it must contain more than mere

"labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Iqbal*,

556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  Finally, although all allegations contained

in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions."  *Id.*

"Typically, the filing of an amended complaint following the filing of a motion to dismiss the initial complaint moots the motion to dismiss." *Johnson v. Brown*, 11–CV–0188, 2011 WL 4565923, at *2 (N.D.N.Y. Sept. 29, 2011) (Homer, M.J.) (cleaned up.)  Alternatively, a court may "consider the merits of the motion in light of the amended complaint." *Illiano v. Mineola Union Free Sch. Dist.*, 585 F. Supp. 2d 341, 349 (E.D.N.Y. 2008) (cleaned up); *see also Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303–04 (2d Cir. 2020); *Env't Sols. Assocs. Grp., LLC v. Conopoco, Inc.*, 1:20-cv-10699-MKV, 2021 WL 2075586, at *1 (S.D.N.Y. May 24, 2021).  In order for me to "determine whether the amendment would be futile and at the same time consider whether a claim should be dismissed" I will consider Roth's arguments for dismissal in light of Barchiesi's amended complaint.  *Phillips v. Orleans Cty.*, 2019 WL 3088051, at *4 (W.D.N.Y. July 15, 2019).

## B.   *Amendment of Pleadings*

"In all other cases [than amendments as a matter of course], a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "Leave to amend, though liberally granted, may properly be denied for:  undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  *Ruotolo v. N.Y.C.*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  The "nonmovant bears the burden of showing prejudice, bad faith and futility of the amendment."  *Amusement Indus., Inc. v. Stern*, No. 07 Civ. 11586(LAK)(GWG), 2014 WL 4460393, at *9 (S.D.N.Y. Sept. 11, 2014) (cleaned up).  Absent a showing of bad faith or undue prejudice, however, "[m]ere delay . . . does not provide a basis for

the district court to deny the right to amend." *Ruotolo*, 514 F.3d at 191 (cleaned up).  In determining whether the nonmovant is prejudiced, courts "consider whether the assertion of the new claim would:  (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993).

### III.    Discussion

In Roth's motion to dismiss and opposition to Barchiesi's motion to file an Amended Complaint, Roth argues that the Complaint should be dismissed because Roth was not properly served.  (Doc. 98, at 5; Doc. 124, at 3.)  Barchiesi served the Third-Party Complaint upon Roth's law firm, which Roth states is not authorized to accept service on behalf of Roth.  (Doc. 98, at 5.)  Barchiesi then attempted service through the mail on Linda Roth.  (*Id.*, at 7.)  Barchiesi does not accept or deny that service was improper, and instead seeks leave to file an amended complaint and effect proper service, explaining that "[a]t the time Barchiesi filed the Third-Party Complaint and attempted service he was acting pro se following the withdrawal of his prior counsel."  (Doc. 115, at 3.)

I need not determine whether Plaintiff's service was proper.  A party does not need leave of the Court to file an amended complaint before the complaint has been served upon defendants or before Defendants file an answer.  Fed. R. Civ. P. 15(a); *see also Gosain v. State Bank of India*, 414 F. App'x 311, 315 (2d Cir. 2011) ("A party may amend its pleading once as a matter of course . . .  before being served with a responsive pleading.  Motions to dismiss are not considered responsive pleadings for purposes of Rule 15(a)") (cleaned up); *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008) (explaining Defendants were entitled to

amend complaint as a matter of right without leave before Defendants filed an answer because "a motion is not a responsive pleading"); *Hardie v. City of Albany*, No. 118CV470GLSCFH, 2018 WL 4026736, at *6 (N.D.N.Y. Aug. 22, 2018), *report and recommendation adopted*, No. 118CV470GLSCFH, 2018 WL 4288614 (N.D.N.Y. Sept. 7, 2018); *Arb. Between Space Sys./Loral, Inc. v. Yuzhnoye Design Off.*, 164 F. Supp. 2d 397, 400 (S.D.N.Y. 2001). Therefore, if service was improper, then "because plaintiff's complaint has not yet been served upon defendants, the motion to amend is not necessary." *Hardie v. City of Albany*, No. 118CV470GLSCFH, 2018 WL 6510818, at *1 (N.D.N.Y. Nov. 9, 2018), *report and recommendation adopted*, No. 118CV470GLSCFH, 2018 WL 6506071 (N.D.N.Y. Dec. 11, 2018).

"Regardless of whether the Court may deem the defendants to be served, the Court has discretion to extend the time for Plaintiff to complete service." *May v. Levy*, No. 21-CV-3586(KAM)(LB), 2023 WL 2386380, at *6 (E.D.N.Y. Mar. 7, 2023) (quoting Zapata, 502 F.3d at 197). The risk of prejudice to Roth is low. Roth did have notice of the suit; their counsel received the Complaint and summons and has litigated the case. *See Romandette v. Weetabix Co.*, 807 F.2d 309, 311 (2d Cir. 1986) ("Rule 4 . . . is to be construed liberally to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice." (cleaned up)). Further, Plaintiff was proceeding *pro se* at the time he attempted service, which weighs in favor of granting leniency regarding procedural matters. *LeSane v. Hall's Sec. Analyst, Inc.,* 239 F.3d 206, 209 (2d Cir. 2001). Therefore, Plaintiff's motion to amend the complaint and effect service is GRANTED.

Roth also argues that even if service was proper, the Complaint should be dismissed because the Southern District of New York is not the appropriate venue and Barchiesi is not a

party to the agreement. (Doc. 98.)  In light of the fact that Roth has not been properly served, I decline to consider the remaining bases for dismissal at this time.  *Feingold v. Hankin*, 269 F. Supp. 2d 268, 270 (S.D.N.Y. 2003) (finding that plaintiff failed to properly serve defendant and deferring further discussion on the merits of plaintiff's claim until all parties had been properly served.); *see also Zeballos v. Tan*, No. 06 CIV. 1268 (GEL), 2006 WL 1975995, at *6 (S.D.N.Y. July 10, 2006).  Accordingly, in the interest of justice, Roth's motion to dismiss is DENIED without prejudice.

## IV.   <u>Conclusion</u>

For the foregoing reasons, Roth's motion to dismiss is DENIED and Barchiesi's motion to file a third amended complaint is GRANTED.  Barchiesi shall have 30 days from the entry of this order to effect proper service on Roth, and to file proof of service with the Clerk of the Court.  The Clerk of Court is respectfully directed to terminate the open motions at Docs. 95 and 113.

SO ORDERED.

Dated: March 21, 2023
      New York, New York

Vernon S. Broderick
United States District Judge