UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                                        :
BEYOND BESPOKE TAILORS, INC., et al.,                   :
                                                        :
                            Plaintiffs,                 :
                                                        :       20-CV-5482 (VSB)
            - against -                                 :
                                                        :       **OPINION & ORDER**
                                                        :
JAMES BARCHIESI, et al.,                                :
                                                        :
                            Defendants.                 :
                                                        :
--------------------------------------------------------X
                                                        :
JAMES BARCHIESI,                                        :
                                                        :
                   Third-Party Plaintiff,               :
                                                        :
            - against -                                 :
                                                        :
                                                        :
LINDA ROTH d/b/a ROTH CPA, ROTH                         :
ASSOCIATES and ROTH CERTIFIED                           :
PUBLIC ACCOUNTANTS,                                     :
                                                        :
                   Third-Party Defendants.              :
                                                        :
--------------------------------------------------------X

Appearances:

Michael Robert Gordon
GordonLaw LLP
Katonah, NY
*Counsel for Plaintiffs*

Robert C. Barchiesi, II
Barchiesi Law, PLLC
Bethlehem, PA
*Counsel for Defendant/Third-Party Plaintiff*

Brian J. Pulito
Steptoe & Johnson PLLC
Meadville, PA
*Counsel for Third-Party Defendants*

VERNON S. BRODERICK, United States District Judge:

Before me is the motion for reconsideration filed by Defendant James R. Barchiesi ("Defendant" or "Barchiesi"). (Doc. 139.) Because the motion is untimely and, in any event, Defendant provides no legal basis for me to reconsider my Opinion & Order of February 11, 2022, the motion is DENIED.

I. **Factual Background and Procedural History**[1]

On July 16, 2020, Defendant removed this action filed by Plaintiffs Beyond Bespoke Tailors, Inc. ("Beyond Bespoke") and Nick Torres ("Torres," collectively with Beyond Bespoke, "Defendants") from New York Supreme Court to the Southern District of New York. (Doc. 1.) On November 17, 2020, Defendant filed a motion to transfer venue and a partial motion to dismiss. (Doc. 10.) On February 11, 2022, I denied Defendant's motion to transfer and motion to dismiss. (Doc. 103, the "Opinion & Order".) On September 18, 2022, Defendant filed a motion for reconsideration of that Opinion & Order. (Doc. 139.)

II. **Legal Standard**

The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Generally, a party seeking reconsideration must show either "an intervening change of

---

[1] In this Opinion & Order, I presume familiarity with my Opinion & Order of February 11, 2022, and with this action's procedural history, so I will only recite the facts necessary to decide the instant motion.

controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted).  A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (cleaned up).  The decision concerning whether to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" *Premium Sports Inc. v. Connell*, No. 10 CIV. 3753 (KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

Additionally, Local Civil Rule 6.3 mandates a motion for reconsideration shall be served within fourteen days after the entry of the Court's determination of the original motion.  *See Elgalad v. N.Y.C. Dep't of Educ.*, No. 17-CV-4849 (VSB), 2019 WL 4805669, at *3 (S.D.N.Y. Sept. 30, 2019).  Courts "in this Circuit routinely deny untimely motions for reconsideration without considering their merits." *Id.* at *8 (quoting *Beckles v. City of New York*, No. 08 CIV. 3687(RJH)(JCF), 2010 WL 1841714, at *4 (S.D.N.Y. May 10, 2010)).

### III. Discussion

Defendant argues that he is entitled to relief because Rule 60(b)(3) allows a party to move within a "reasonable time" for relief from "judgments, orders or proceedings, where there is evidence of fraud, misrepresentation or misconduct by an opposing party, or more broadly for any other reason that justifies relief." (Doc. 144 at 5.)  Defendant's quotation of the Rule is misleading since it fails to include the title of the subsection and the word that appears immediately prior to his quoted selection, both of which expressly require that the order be final. Fed. R. Civ. P. 60(b) (the title of Rule 60(b) is "Grounds for Relief from a Final Judgment,

3

Order, or Proceeding," and text provides that "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons. . . ."); *see Harris v. Millington,* 613 F. App'x 56, 58 (2d Cir. 2015) (stating Rule 60(b) "applies only to final orders and judgments.") Here, Defendant seeks reconsideration of an order that is not final. *Bernard v. Cnty. of Suffolk*, 356 F.3d 495, 501 (2d Cir. 2004) ("A denial of a motion to dismiss is not a final order."); *Fraser v. Ashcroft*, No. 04 CV 0733 (SJ), 2006 WL 2527825, at *1 (E.D.N.Y. Aug. 8, 2006) (denying motion to reconsider a transfer order because it does not constitute a final judgment.) Accordingly, Rule 60(b) is inapposite. *NYC Med. Prac., P.C. v. Shokrian*, No. 19CV162ARRRML, 2020 WL 1853203, at *3 (E.D.N.Y. Jan. 31, 2020) (Denying motion for reconsideration under Rule 60(b) because the denial of Defendant's motion to dismiss was not a final order.); *McGucken v. Newsweek LLC*, No. 19 CIV. 9617 (KPF), 2020 WL 6135733, at *1 (S.D.N.Y. Oct. 19, 2020) (same.)

"[T]he only ground available for [the Defendant] to move for reconsideration is under Local Civil Rule 6.3." *Ret. Bd. of Policemen's Annuity & Ben. Fund of City of Chicago v. Bank of N.Y. Mellon*, No. 11 CIV. 5459 WHP, 2013 WL 593766, at *2 (S.D.N.Y. Feb. 14, 2013). Defendant's motion also fails under Local Rule 6.3. The Opinion & Order was filed on February 11, 2022. (Doc. 103.) Under Local Civil Rule 6.3, Defendant had 14 days, or until February 25, 2022, to file a motion for reconsideration. Defendant's motion for reconsideration is dated September 18, 2022. (Doc. 139.) "Failure to adhere to Local Rule 6.3's time limitations is in and of itself a sufficient reason to deny a motion for reconsideration." *Sea Trade Co. v. FleetBoston Fin. Corp.*, No. 03 CIV. 10254 (JFK), 2009 WL 4667102, at *3 (S.D.N.Y. Dec. 9, 2009). Accordingly, the motion is untimely under Local Civil Rule 6.3 and is denied on this basis. *See Cohen v. Jamison*, No. 23-CV-1304 (LTS), 2023 WL 3412762, at *3 (S.D.N.Y. May

12, 2023) (denying motion made under Local Civil Rule 6.3 as untimely); *McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 397 (S.D.N.Y. 2018) ("the untimeliness of a motion for reconsideration is reason enough to deny the motion."). Defendant also cursorily mentions Federal Rule 59(e); however, even under this rule, his motion is still untimely. Fed. R. Civ. P. 59(e) ("[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

Even if Defendant's motion was timely under Local Rule 6.3, I would deny it on the merits. A motion under Local Rule 6.3 is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *RST (2005) Inc. v. Rsch. in Motion Ltd.*, 597 F. Supp. 2d 362, 365 (S.D.N.Y. 2009). The purported grounds for reconsideration are detailed in a declaration by Defendant's counsel which was submitted in support of the motion to reconsider. (Doc. 140.) This declaration relies on counsel's "information and belief" and an assortment of website screenshots and emails from 2016-2017. None of the evidence provided by Defendant represents "an intervening change of controlling law," "new evidence," or any "clear error" or "manifest injustice." *Virgin Atl. Airways, Ltd.*, 956 F.2d at 1255.

## IV.    Conclusion

For the foregoing reasons, Defendant's motion for reconsideration is DENIED. The Clerk of Court is respectfully directed to close the open gavel at Document 139.

SO ORDERED.

Dated: August 10, 2023
       New York, New York

*[signature: Vernon Broderick]*
Vernon S. Broderick
United States District Judge

5