UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BEYOND BESPOKE TAILORS, INC., and
NICK TORRES

                           Plaintiffs,                           **ORDER**

                -against-                    **20-CV-5482 (VSB) (JW)**

JAMES BARCHIESI *et al.*,

                           Defendants.
------------------------------------------------------------------X
JAMES BARCHIESI,

                           Third-Party Plaintiff,

                -against-

LINDA ROTH d/b/a ROTH CPA, ROTH
ASSOCIATES and ROTH CERTIFIED
PUBLIC ACCOUNTANTS,

                           Third-Party Defendants.
------------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

Before this Court is a flurry of motions concerning defendant James Barchiesi's ("Defendant") evergreen non-compliance with this Court's orders. The Court, in the instant order, will resolve four outstanding requests between Defendant and plaintiffs Beyond Bespoke Tailors, Inc. and Nick Torres (collectively "Plaintiffs"). First, Plaintiffs seek to compel Defendant to appear for another deposition. Dkt. No. 241. That request is GRANTED. Second, Defendant asks for a briefing schedule for a protective order to prevent his further questioning. Dkt. No. 242. That request is DENIED. Third, Defendant requests a stay of this Court's sanctions. Dkt. No. 245.

1

That request is DENIED. Fourth, Defendant asks for leave to file a sur-reply to discuss Plaintiffs' request for attorney fees in their civil contempt motion. Dkt. No. 265. That request is DENIED.

**BACKGROUND**

On June 17, 2020, before New York County Supreme Court, Plaintiffs filed a summons against defendants Barchiesi, Worksite LLC, Worksite Accountants and Advisors, Worksite Capital Partners LLC, Worksite Interactive LLC, Worksite Ventures, and Roth & Associates. Dkt. No. 1, at 2. Seeking $250,000 in damages within their summons, Plaintiffs alleged fraud, breach of a fiduciary duty, and breach of a contract. Id. On Defendant's motion, the New York County Supreme Court action was removed to the Southern District of New York pursuant to 28 U.S.C. 1332, 1441, 1446. Id. Defendant filed a third-party complaint against Linda Roth, Roth Associates, and Roth Certified Public Accountants (collectively "Roth"). Dkt. No. 68. Defendant's complaint alleges breach of contract and indemnification. Id.

Defendant's first counsel withdrew after Defendant failed to pay him for a year and failed to cooperate with discovery requests. Dkt. No. 35-1, at 2. Thereafter, Defendant proceeded *pro se* until February 25, 2022, when attorney Robert Barchiesi ("Robert"), Defendant's brother, moved to be admitted *pro hac vice*. Dkt. No. 109. Robert has represented Defendant ever since.

Seemingly eternal are the Parties' discovery disputes. See Dkt. No. 178-87, 189-92, 193-95, 199, 237-3, 241-268. On October 12, 2022, counsels for all parties met

at Plaintiffs' counsel's office to complete several days of depositions. Dkt. No. 179, ¶ 25. Some traveled two and a half hours, some traveled seven hours for these depositions. Dkt. No. 179, Ek. 7, at 7. Counsel for Roth began questioning Defendant about Robert's role in his businesses, Robert objected on the ground that counsel was "trying to create a conflict of interest in representation." Id., at ¶ 32. Robert thenunilaterally suspended the deposition and Defendant and Robert ("the brothers Barchiesi") walked out and never returned. Id., at ¶ 34.

On November 3, 2022, this Court held a discovery conference. Dkt. No. 166. At the conference the Court discussed the other options the brothers Barchiesi had in lieu of destroying several days of depositions, such as calling the court or directing Defendant to move on to other topics. Dkt. No. 235, at 30-31. Most importantly, the Court determined that "questions about the … [Defendant's] brother's involvement in the business … will be permitted." Id., at 70.

On January 24, 2023, another attempt to depose Defendant occurred. Dkt. No. 179 at ¶ 52. Defendant again refused to answer the question about Robert's involvement in Defendant's business despite the Court's prior ruling. Dkt. No. 179-9, *Deposition Transcript* at 295:18 – 296:9 ("[d]id your brother have any involvement in any of the Worksite companies prior to him becoming a member of the Pennsylvania Bar on October 29, 2019?" Defendant stated, "I am not going to answer any questions related to that.").

3

On February 9, 2023, Plaintiffs filed a motion seeking sanctions. The Court found that Defendant's conduct, specifically his refusal to answer the question about James in both the October and January depositions, was "unacceptable and sanctionable." Dkt. No. 240, at 12. The Court granted Plaintiffs' motion for sanctions and directed Defendant to pay Plaintiffs $11,826 and Roth $5,099.36 for the cost of the destroyed depositions, as well as for the repeated and persistent disobedience of this Court's orders. Id.

After this Court imposed sanctions, there was a storm of motions. Plaintiffs filed a motion to compel another deposition of Defendant. Dkt. No. 231. Defendant filed a motion for a protective order to prevent further deposition of Defendant. Dkt. No. 232. Defendant filed objections to this Court's order imposing sanctions. Dkt. No. 244. Defendant filed a motion to stay the imposition of sanctions. Dkt. No. 245.

Plaintiff filed a motion to hold the Defendant in civil contempt for their failure to pay the fees associated with the sanction. Dkt. No. 255. Defendant filed a motion for leave to file a sur-reply to Plaintiffs' reply concerning the civil contempt motion. Dkt. No. 265.

## DISCUSSION

**I. Plaintiffs' Motion to Compel and Defendant's Motion for a Protective Order.**

Plaintiffs ask the Court to order Defendant to appear for a deposition at the courthouse, where the Court could immediately intervene if the brothers Barchiesi

4

seek to "obstruct" the deposition again. Dkt. No. 241. The requested deposition would be "limited to Robert's involvement in [Defendant's] businesses." Id. In response, Defendant requested the Court issue a protective order to prevent further questioning on "matters already thoroughly explored and irrelevant to the claims." Dkt. No. 242.

A party may move to compel discovery under Rule 37, and motions to compel "are left to the sound discretion of the [district] court." Christine Asia Co., Ltd. v. Alibaba Grp. Holding Ltd., 327 F.R.D. 52, 54 (S.D.N.Y. 2018). "A district court has broad latitude to determine the scope of discovery and to manage the discovery process." EM Ltd. v. Rep. of Arg., 695 F.3d 201, 207 (2d Cir. 2012). If a deponent fails to answer a question propounded or submitted under Fed. R. Civ. P. 30 or 31, the proponent of the discovery may move the court to compel an answer under Fed. R. Civ. P. 37(a). Fed. R. Civ. P. 37(a)(3)(B)(i); Kelly v. A1 Tech., No. 09 CIV. 962 LAK MHD, 2010 WL 1541585, at *20 (S.D.N.Y. Apr. 12, 2010). The court must require the non-moving party to pay the moving party's reasonable expenses in making the motion, absent a showing of substantial justification or other circumstances making an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). "[T]he burden is on the violator to show that there was a substantial justification for the violation, or that circumstances would make it unjust to award reasonable expenses to the moving party." Id. (citing In re Doria/Memon Disc. Stores Wage & Hour Litig., No. 14 Civ. 7990 (RWS), 2018 WL 1353261, at *5 (S.D.N.Y. Mar. 15, 2018).

5

Plaintiff's motion to compel is granted. Defendant has again failed to answer a permitted question. With the instant motion, this will be the *third* time Defendant is directed to answer the question of Robert's role in Defendant's business. See Dkt. No. 240, at 12; Dkt. No. 235, at 70. The parties are directed to meet and confer about possible dates in **February, March, and April** for the deposition and to provide them to the Court by **January 15, 2025**. The deposition of Defendant will be conducted at the Courthouse in a room to be provided by the Court.

Conversely, Defendant's motion for a briefing schedule to pursue a protective order is denied.[1] Defendant has already made a previous request for a protective order, and that request was already denied. Dkt. No. 173; Dkt. No. 240, at 8. A motion to reconsider will not be granted where the moving party is simply trying to relitigate an already decided issue. Padilla v. Maersk Line, Ltd., 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009). A party moving for reconsideration of a previous order must demonstrate that the court overlooked "controlling law or factual matters" that had been previously put before it. Bartlett v. Tribeca Lending Corp., No. 18-cv-10279, 2019 WL 1595656, at *1 (S.D.N.Y. Apr. 12, 2019). Notice of motion for reconsideration must be served within 14 days after entry of the court's order being challenged. S.D.N.Y. L.R. 6.3. Defendant failed to adhere to the timing requirements of the local

---

[1] In a previous set of briefing on this exact issue, Plaintiffs moved to strike Defendant's answer as a sanction. Dkt. No. 180, at 12. The Court declined to do so, because striking an answer is a "harsh remedy to be used only in extreme situations." Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009). If Defendant continues to flagrantly flout this Court's orders, the Court may entertain a motion for more severe sanctions including case ending sanctions.

rules, and failed to point to a factual matter or controlling decision that this Court overlooked in its prior orders.

## II. Sanctions.

As a result of Defendant deliberate violation of this Court's discovery order, Defendant was sanctioned for his conduct and ordered to pay Plaintiffs $11,826 and Roth $5,099.36. Dkt. No 240, at 14. Defendant now asks this Court to stay the sanctions it imposed. Dkt. No. 240; Dkt. No. 245. In response, Plaintiffs argue that Defendant's motion should be denied because the motion is "procedurally defective" and a stay is not warranted. Dkt. No. 246.

With some exceptions, our local rules require all motions to include a notice of motion. S.D.N.Y. L.R. 7.1(a)(1). In Defendant's instant motion, Defendant failed to file a notice of motion. Dkt. No. 245. Omission of notice warrants denial of a motion on procedural grounds. See S&O Constr. Servs., Inc. v. APS Contracting, Inc., No. 18-CV-5836 (CS), 2018 WL 6321541, at 1, n. 1 (S.D.N.Y. Dec. 4, 2018); Azkour v. Haouzi, No. 11 CIV. 5780 RJS KNF, 2012 WL 3561071, at *1 (S.D.N.Y. Aug. 17, 2012). Defendant's motion could be dismissed on this ground alone.

However, dismissal of Defendant's motion is also warranted on the merits. As part of a court's toolkit for the administration of justice, a federal court can stay the enforcement of a judgment pending the outcome of an appeal. Scripps–Howard Radio, Inc. v. FCC, 316 U.S. 4, 9-10, 62 S.Ct. 875, 86 L.Ed. 1229 (1942). Because a stay is an intrusion into the ordinary processes of administration and judicial review, it is not

a matter of right, even if irreparable injury might otherwise result to the appellant. Nken v. Holder, 556 U.S. 418, 427, 129 S. Ct. 1749, 1757, 173 L. Ed. 2d 550 (2009) (citing Virginian R. Co. v. United States, 272 U.S. 658, 672, 47 S.Ct. 222, 71 L.Ed. 463 (1926)).

The determination of whether to grant a stay traditionally falls within four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. Nken, 556 U.S., at 434 (quoting Hilton v. Braunskill, 481 U.S. 770, 776, 107 S. Ct. 2113, 2119, 95 L. Ed. 2d 724 (1987)). The first two factors are the most critical. Id. Defendant's motion to stay is denied because he fails to satisfy the first two factors.

With regards to the first factor, the party seeking the stay must establish more than a *mere possibility of relief*. Nken, 556 U.S., at 434. Because Defendant simply provides conclusory statements, he fails to satisfy the first factor. Defendant argues he has raised "significant legal issues" regarding the "foundations of the order," which suggest a "strong likelihood" that the objection could lead to reversal. Dkt. No. 245, at 3. Without mention of what exactly the "significant legal issues" are and why they suggest a "strong likelihood" of reversal, the Court cannot find that Defendant has satisfied factor one with his conclusory argument. Additionally, in Defendant's reply to Plaintiff's opposition, he argues that the attorney fees rate used to calculate

8

sanctions "far exceeds what is typically considered reasonable and necessary," but provides no citations as to what he purport's is "reasonable and necessary" to establish any possibility of error in the Court's order. Dkt. No. 251, at 5.

With regards to the second factor, the party seeking the stay must establish more than some possibility of irreparable injury. Nken, 556 U.S., at 434. Because Defendant simply provides conclusory statements, he fails to satisfy the second factor. Defendant argues that the sanctions "threaten to inflict irreparable harm," as they "not only place undue financial strains … but also risk undermining their defense in the ongoing litigation." Dkt. No. 245, at 3; Dkt. No. 251, at 6-7. Without mention of why exactly the Court's order will place Defendant in "undue financial strain" or "risk undermining their defense," the Court cannot find that Defendant has satisfied factor two either. If a "possibility" of irreparable harm is not sufficient, neither is a "risk" of irreparable harm. Nken, 556 U.S., at 435 ("[T]he 'possibility' standard is too lenient.").

Amazingly, Defendant in his briefing notes that the filing of an objection to an order "does not absolve a party from complying with said order." Dkt. No. 245, at 2. This is true. Shim-Larkin v. City of New York, No. 16-CV-6099 (AJN), 2019 WL 4688703, at *2 (S.D.N.Y. Sept. 25, 2019) (The fact that movant objected to this court's order did not relieve them of their obligations to comply with it.) (citing Thai Lao Lignite (Thailand) Co. v. Gov't of the Lao People's Democratic Republic, No. 10 CIV. 5256 KMW, 2011 WL 4111504, at *9 (S.D.N.Y. Sept. 13, 2011). As Defendant knows,

9

and the Court notes, Defendant's request for a stay was *never* granted and Defendant was still obligated to pay Plaintiffs and Roth within 60 days of the order. Dkt. No. 240, at 18. Given Defendant's briefing and his continued lack of payment, he continues to knowingly violate this Court's March 18, 2024 order. Plaintiffs may seek additional sanctions because of Defendant's failure to comply with its order. However, the Court will wait for a ruling on Defendant's objections before ruling on a subsequent motion.

### III.  Defendant's motion for leave to file a sur-reply.

Defendant requests leave to file a sur-reply to discuss Plaintiffs request for attorney fees in their civil contempt motion. Dkt. No. 265. To support their request, Defendant argues that a sur-reply is necessary to address the newly-made request for attorney's fees absent from Plaintiff's initial filing. Dkt. No. 265, at 1. Plaintiffs argue that the sur-reply is unnecessary because the appearance of newly made attorney fees are from a "typographical error" in their June 4, 2024 declaration. Dkt. No. 266 (citing Dkt. No. 264). There, Plaintiffs wrote that the "total time I spent preparing *this reply* was 14.4 hours," however they intended to write the "total time I spent preparing *this motion* was 14.4 hours." Dkt. No. 268, at 1.

Motions for leave to file a sur-reply are subject to the discretion of the court. Sec. & Exch. Comm'n v. Ripple Labs, Inc., No. 20 CIV. 10832 (AT), 2022 WL 329211, at *3 (S.D.N.Y. Feb. 3, 2022) (citing Barbour v. Colvin, 993 F. Supp. 2d 284, 288 (E.D.N.Y. 2014). Courts grant leave to file sur-replies when they address arguments

10

raised for the first time in a reply brief. <u>Sec. & Exch. Comm'n</u>, 2022 WL 329211, at 3 (citing <u>Stepski v. M/V Norasia Alya</u>, No. 06 Civ. 1694, 2010 WL 11526765, at 1 (S.D.N.Y. Mar. 3, 2010)). Defendant's request for leave to file a sur-reply is denied. The correction provided by Plaintiffs is sufficient to alleviate the need for additional briefing. See Dkt. No. 268. With the correction, Plaintiffs clarifies that no additional fees were requested solely for the reply.

## CONCLUSION

The Court, in the instant order, has resolved four outstanding issues. First, Plaintiffs' request to compel Defendant to appear for another deposition is GRANTED. The parties are directed to meet and confer about possible dates in **February, March, and April** for the deposition and to provide them to the Court by **January 15, 2025**. The deposition of Defendant will be conducted at the Courthouse in a room to be provided by the Court. Second, Defendant's request for a briefing schedule for a protective order is DENIED. Third, Defendant's request to stay this Court's sanctions is DENIED. Fourth, Defendant's request for leave to file a sur-reply is DENIED.

With the hopes of *finally* escaping this Groundhog Day loop, the Court reminds the parties of Local Rule 26.4, requiring the parties to cooperate with each other in all phases of the discovery process and to be courteous in their dealings with each other.

**The Clerk of Court is respectfully directed to close Dkt. Nos. 241, 243, 245, and 265.**

SO ORDERED.

DATED:   New York, New York
           December 30, 2024

                                                              _____
                                                              JENNIFER E. WILLIS
                                                              United States Magistrate Judge