UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
BEYOND BESPOKE TAILORS, INC., *et* :
*al.*, :
 :
                            Plaintiffs, :        20-CV-5482 (VSB)
 :
       -against- :        **ORDER**
 :
JAMES BARCHIESI, *et al.*, :
 :
                           Defendants. :
 :
-----------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

      Before me is Plaintiffs' request to defer a joint letter regarding the impact of Defendant James Barchiesi's chapter 11 bankruptcy proceedings on this action. (Doc. 276.)

### I. Relevant Procedural History

      On January 15, 2025, Defendant James Barchiesi ("Debtor") filed a suggestion of bankruptcy regarding Debtor's Petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the Middle District of Pennsylvania. (Doc. 274.) Debtor claimed that "certain acts and proceedings against the Debtor and his property are stayed as provided for in Section 362 of the Bankruptcy Code." (*Id.* at 2.)

      On January 16, 2025, I ordered the parties to file a joint letter "explaining which claims and which motions, if any, should be stayed" in light of Debtor's Chapter 11 bankruptcy, including an explanation of "the impact of the bankruptcy proceeding on Plaintiffs' claims against the Corporate Defendants (i.e., the Defendants excluding James Barchiesi) as well as the various third-party claims and counterclaims." (Doc. 275 at 2.)

      On January 19, 2025, Plaintiffs filed a letter requesting deferment of the joint letter until

after the Bankruptcy Court first addresses these underlying issues. (Doc. 276 at 1.) First, Plaintiffs believe that the Bankruptcy Court will address its "related to" jurisdiction over the non-debtor defendants in this case. (*Id.*) Second, Plaintiffs believe that the Bankruptcy Court "will address the legitimacy of the Bankruptcy Court filing and the scope of the automatic stay as to the Debtor." (*Id.*) Third, Plaintiffs are concerned that if they take a position now regarding the issues I raised, "Debtor might argue that [Plaintiffs] are violating the automatic stay that went into effect when he filed his Petition." (*Id.* at 1–2.) In other words, Plaintiffs are "concerned that Debtor might claim that the automatic stay precludes [Plaintiffs] from advocating the prosecution of [their] claims against the non-debtor corporate defendants or take a position in this Court on related-to jurisdiction until those issues are first raised with the Bankruptcy Court." (*Id.* at 2.)

## II.     Discussion

It is not obviously the case that the automatic stay applies to all the claims in this action.

As an initial matter, "[t]he automatic stay can apply to non-debtors, but normally does so only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003). The stay applies only if the actions against non-debtors have "an adverse impact on a debtor that occurs by operation of law," and does not apply to "actions taken against third parties that are only factually likely, as opposed to legally certain, to impact estate property." *Picard v. Fairfield Greenwich Ltd.*, 762 F.3d 199, 208 (2d Cir. 2014). Indeed, the Second Circuit reversed a district court's denial of the "automatic stay to the non-debtor entities as a categorical matter, without factual findings as to whether the lawsuit against those entities would have had 'immediate adverse economic consequence'" on the debtor's estate, and remanded the case for the district court "to supplement the record and determine whether Section 362(a)'s automatic

stay applies to the non-debtor entities." *In re Residential Cap., LLC*, 529 F. App'x 69, 71 (2d Cir. 2013) (summary order).  Accordingly, I cannot recognize that the automatic stay applies to all claims against the non-Debtor Defendants.  Even still, I will extend the deadline to file a joint letter regarding these claims.

Moreover, Section 362 provides an automatic stay of the "commencement or continuation" of "proceeding[s] against the debtor[.]"  11 U.S.C. § 362(a)(1).  This means that "the automatic stay provision of Section 362 by its terms only stays proceedings against the debtor, and does not address actions brought by the debtor which would inure to the benefit of the bankruptcy estate."  *Verragio, Ltd. v. AE Jewelers, Inc.*, 2017 WL 1753478, at *2 (S.D.N.Y. Apr. 27, 2017) (internal quotation marks omitted).  As relevant here, the automatic stay under Section 362 does not apply to either Debtor's third-party claims or counterclaims.  *Hudson Bay Master Fund Ltd. v. Patriot Nat'l, Inc.*, 309 F. Supp. 3d 100, 108 n.2 (S.D.N.Y. 2018) (citing *Vitranschart, Inc. v. Levy*, No. 00-CV3618, 2000 WL 1239081, at *5 (S.D.N.Y. Aug. 31, 2000)).  Thus, the request for deferment of the joint letter explaining the impact, if any, of the motions and claims relevant to the third-party claims and counterclaims is DENIED.

Accordingly, it is hereby:

ORDERED that the parties file a joint letter by February 20, 2025 informing me of the status of the Bankruptcy Court in addressing the scope of the automatic stay as to non-debtor defendants, and any other issues.  The parties are to file a joint letter every 30 days thereafter, until I decide otherwise.

ORDERED that the parties file a joint letter by January 31, 2025 in accordance with my order on January 16, 2025, (Doc. 275), regarding the third-party claims and counterclaims.
SO ORDERED.

Dated: January 21, 2025
      New York, New York

_____
Vernon S. Broderick
United States District Judge