UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
:
BEYOND BESPOKE TAILORS, INC., *et* :
*al.*, :
:
                         Plaintiffs, :     20-CV-5482 (VSB) (JW)
:
        -against- :     **ORDER**
:
JAMES BARCHIESI, *et al.*, :
:
                        Defendants. :
:
----------------------------------------------------------X

<u>VERNON S. BRODERICK</u>, United States District Judge:

      This action has a prolonged history since it was removed from New York state court on July 16, 2020. (Doc. 1.) As relevant here, on January 15, 2025, Defendant James Barchiesi ("Debtor") filed a suggestion of bankruptcy regarding Debtor's Petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the Middle District of Pennsylvania. (Doc. 274.) Debtor claimed that "certain acts and proceedings against the Debtor and his property are stayed as provided for in Section 362 of the Bankruptcy Code." (*Id.* at 2.)

      On January 21, 2025, I issued an order explaining that the automatic stay under Section 362 of the Bankruptcy Code does not apply to all the claims in this action. (Doc. 277.) Specifically, I held that the automatic stay under Section 362 does not apply to the claims against the non-Debtor Defendants or to Debtor's third-party claims or counterclaims, and ordered the parties to file a joint letter "informing me of the status of the Bankruptcy Court in addressing the scope of the automatic stay as to non-debtor defendants, and any other issues" by February 20, 2025 and "every 30 days thereafter." (*Id.* at 3.) The parties filed joint letters on February 20, March 20, May 21, and July 1, 2025. (Docs. 279–282.)

The parties have failed to file any status updates since despite my previous order requiring status letters "every 30 days." (Doc. 277 at 3.) Accordingly, it is hereby:

ORDERED that the parties file a joint letter by August 29, 2025 regarding the status of this case, including which claims in this action are stayed by the Bankruptcy Code and which claims in this action should proceed. In that letter, the parties should also indicate an update on potential settlement discussions, to the extent they have been discussed, and a briefing schedule for any anticipated motions.

SO ORDERED.

Dated: August 12, 2025
New York, New York

Vernon S. Broderick
United States District Judge