UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
BEYOND BESPOKE TAILORS, INC., *et*                         :
*al.*,                                                     :
                                                           :
                              Plaintiffs,    :        20-CV-5482 (VSB) (JW)
                                                           :
              -against-                      :             **<u>ORDER</u>**
                                                           :
JAMES BARCHIESI, *et al.*,                   :
                                                           :
                              Defendants.    :
                                                           :
-----------------------------------------------------------X

<u>VERNON S. BRODERICK, United States District Judge</u>:

On July 16, 2020, this action was removed from New York state court to this Court.

(Doc. 1.)  While this action has a prolonged history, I detail only the relevant events here.  On

January 15, 2025, Defendant James Barchiesi ("Debtor") filed a suggestion of bankruptcy

regarding Debtor's Petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy

Court for the Middle District of Pennsylvania.  (Doc. 274.)  Debtor claimed that "certain acts and

proceedings against the Debtor and his property are stayed as provided for in Section 362 of the

Bankruptcy Code."  (*Id.* at 2.)

On January 21, 2025, I issued an order explaining that the automatic stay under Section

362 of the Bankruptcy Code does not apply to all the claims in this action.  (Doc. 277.)

Specifically, I held that the automatic stay under Section 362 does not apply to the claims against

the non-Debtor Defendants or to Debtor's third-party claims or counterclaims, and ordered the

parties to file a joint letter "informing me of the status of the Bankruptcy Court in addressing the

scope of the automatic stay as to non-debtor defendants, and any other issues" by February 20,

2025 and "every 30 days thereafter."  (*Id.* at 3.)  The parties filed joint letters on February 20,

March 20, May 21, and July 1, 2025.  (Docs. 279–282.)  After the parties failed to comply with my previous order requiring status letters "every 30 days," (Doc. 277 at 3), on August 12, 2025, I ordered the parties to "file a joint letter by August 29, 2025 regarding the status of this case, including which claims in this action are stayed by the Bankruptcy Code and which claims in this action should proceed."  (Doc. 283.)  Additionally, I directed the parties to indicate "an update on potential settlement discussions, to the extent they have been discussed, and a briefing schedule for any anticipated motions."  (*Id.*)  The parties failed to comply with this deadline, and to date, they have filed no further status letters.

Accordingly, I hereby ORDER the parties to file a joint letter by February 13, 2026 regarding the status of this case, including which claims in this action are stayed by the Bankruptcy Code and which claims in this action should proceed.  Moreover, the parties shall file a status update every 90 days moving forward, instead of every 30 days as I previously ordered.

SO ORDERED.

Dated:      January 29, 2026
            New York, New York

Vernon S. Broderick
United States District Judge